## Case No. 13,051.

### SMITH et al. v. GLOVER.

[2 Cranch, C. C. 334.] 1

Circuit Court, District of Columbia. Oct. Term, 1822.

NOTES—NOTICE OF DISHONOR—CUSTOM IN WASHINGTON.

In the county of Washington, D. C., according to the usage and practice of the banks and notaries public in that county, demand of payment of a promissory note, and notice to the indorser on the day after the last day of grace, is not too late to charge indorsers resident in that county

1 [Reported by Hon. William Cranch, Chief Judge.]

having a knowledge of such usage and practice at the time of indorsing.

Assumpsit against the indorser of the promissory note of Cruikshank and Owens, for $216.85 at four months after date, due 13th–16th of June, 1817. The demand and notice were on the 17th.

Verdict for the plaintiffs [Smith & Morgan] subject to the opinion of the court on a case which stated, that it had for many years been the usage of the banks and notaries public in the county of Washington to demand payment of promissory notes on the day after the last day of grace, and, if not paid, to give notice to the indorsers on the same day, although the usage had been different in the other county in this district, and in the commercial cities of the United States generally, where the usage was to demand payment and give notice on the last day of grace. That in 1816, and at other times, payment of notes drawn or indorsed by the defendant [Charles Glover] had been demanded on the day after the last day of grace; and that the defendant had been a director of one of the banks in Washington county. That the makers of the note, Cruikshank and Owens, had made a deed of assignment to the defendant of all their stock in trade and the debts due to them, in trust to sell the goods and collect the debts, and out of the proceeds thereof, to indemnify himself against all his indorsements for them, and to divide the surplus among his other creditors pari passu.

THE COURT rendered judgment for the plaintiffs.